THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VAMSHI KRISHNA MASINENI BALARAMA,<br><br>        Plaintiff,<br><br>v.<br><br>TECHMATRIX, INC., and RAJA S. VENDRA,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:21-cv-00671-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

      Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Vamshi Krishna Masineni Balarama's ("Mr. Balarama") Motion for Leave to File Second Amended Complaint.[2] The court heard oral argument on the motion on November 15, 2022, and, at the conclusion of the hearing, took the motion under advisement.[3] Having carefully considered the parties' written memoranda and counsel's oral arguments, the court issues the instant Memorandum Decision and Order. Based upon the analysis set forth below, the court denies Mr. Balarama's Motion and orders that this action be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] ECF No. 17.

[2] ECF No. 34.

[3] ECF No. 45.

## BACKGROUND

Mr. Balarama's initial complaint[4] identified various categories of damages stemming from his allegations against his former employer, TechMatrix, Inc. ("TechMatrix"): $18,000 for lost wages; $5,000 for emotional distress related to late wage payments; $11,520 for unpaid paid time off ("PTO"); $50,000 for emotional distress related to insurance cancellation; $500,000 for lost earnings related to his immigration status; and $300,000 for lost earnings for his wife related to his immigration status.[5] Mr. Balarama also sought attorney's fees "under the [Employment] Agreement and Utah Code Annotated § 34-27-1."[6] Four days later, the court issued an Order to Show Cause directing Mr. Balarama to establish how diversity jurisdiction existed in this action.[7]

Mr. Balarama filed his first amended complaint on November 23, 2021.[8] On April 5, 2022, TechMatrix and Raja S. Vendra (collectively, "Defendants") filed a Motion to Dismiss for Failure to State a Claim, arguing that all of Mr. Balarama's claims failed as a matter of law and that Mr. Balarama had failed to plead sufficient facts that would meet the $75,000 amount-in-controversy requirement for this court to have diversity jurisdiction.[9] The court held a hearing on

---

[4] ECF No. 2.

[5] *Id.* at 1–4.

[6] *Id.* at 13.

[7] ECF No. 3.

[8] ECF No. 4.

[9] ECF No. 12.

the Motion to Dismiss on July 20, 2022.[10] At the hearing, the court determined that: (1) emotional distress damages were unavailable in this action; (2) Mr. Balarama's lost wages claim could not contribute to the $75,000 requirement under a breach of contract theory, but that a claim under the Utah Payment of Wages Act ("UPWA") may be sufficient; (3) an award of attorney's fees would be necessary for Mr. Balarama to get over the $75,000 threshold; and (4) Mr. Balarama's damage theories related to his immigration status were speculative. Specifically, the court concluded that Mr. Balarama had failed to plead facts demonstrating that TechMatrix's failure to timely file Mr. Balarama's Form I-140, Immigration Petition for Alien Worker, was the proximate cause of $500,000 of lost earnings. Additionally, because Mr. Balarama acknowledged that the lost wages claim arose under breach of contract, rather than under the UPWA, the court dismissed the first amended complaint in its entirety, without prejudice, and provided Mr. Balarama with the opportunity to file a motion for leave to amend his complaint on or before August 22, 2022.[11]

On August 22, 2022, Mr. Balarama filed the instant Motion for Leave to File Second Amended Complaint[12] and attached the proposed Second Amended Complaint ("SAC").[13] Under the SAC, Mr. Balarama asserts two causes of action: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing.[14] The SAC then sought $18,000 for lost wages, $5,000 for late wage payments, $10,560 for unpaid PTO, $5,000 for insurance cancellation, and $50,000

---

[10] ECF No. 33.

[11] ECF Nos. 32-33.

[12] ECF No. 34.

[13] ECF No. 34-2.

[14] ECF No. 34-2 at 22-24.

for lost earnings related to his immigration status.[15] Thus, the total for pleaded damages under the SAC is $88,560, with $50,000 relating to Mr. Balarama's immigration status. Regarding the immigration-related claims, Mr. Balarama alleges that TechMatrix "did not file for [Mr. Balarama's] I-140 status in a timely manner."[16] Mr. Balarama claims that, "because TechMatrix failed to file for his I-140 status in a timely manner, he was not able to seek employment opportunities at any number of large companies, such as Facebook, CitiBank, [or] Tesla."[17] Therefore, he lost the opportunity to "earn a salary in the range of at least $150,000 per year, or at least $50,000 per year more than he is currently earning."[18] Mr. Balarama claims that this damage is "not speculative" because "he has a proven track record of working for multinational companies like Oracle, Deloitte, and Capgemini."[19] Mr. Balarama alleges that he is recognized for "his hard work, dedication, intelligence, and skills in problem-solving . . . , in addition to his technical capabilities in designing and delivering technical solutions for the employers/clients for which he has worked."[20] Therefore, "he could have easily landed a higher paying job than" his current job but for TechMatrix's alleged breach.[21]

As shown below, Mr. Balarama's SAC cannot establish the jurisdictional amount for diversity jurisdiction to a legal certainty. Because this significant jurisdictional defect remains

---

[15] *Id*. at 24.

[16] *Id.* at 17.

[17] *Id.* at 18.

[18] *Id.*

[19] *Id.* at 19.

[20] *Id.*

[21] *Id.*

after three versions of the complaint, allowing him to file another complaint would be futile and requires dismissal of this action. Each issue is discussed below.

ANALYSIS

I. **Mr. Balarama's Motion to Amend is Denied Due to Lack of Subject Matter Jurisdiction.**

Mr. Balarama's alleged immigration-related damages are speculative and, therefore, not recoverable, which precludes him from meeting the requisite jurisdictional damages threshold. Fed. R. Civ. P. 15(a)(2) provides that, except for amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[22] However, a court may refuse to allow amendment if it would be "futile."[23] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[24]

Even if the court accepts all of Mr. Balarama's immigration-related allegations as true, the facts are not concrete enough to constitute a damage claim that would allow this court to exercise jurisdiction. Under Utah law, to sufficiently plead a breach of contract claim, a plaintiff must allege "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[25] A party may recover consequential damages—a foreseeable loss from the breach—when the party proves that the breach caused the damages,

---

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

[24] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[25] *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–31 (Utah 2014).

which were foreseeable when the parties contracted, and the damages can be established with reasonable certainty.[26] Consequential damages may not be speculative.[27]

      Mr. Balarama's damage theory related to his immigration status is merely speculative, and, therefore, his proposed amended complaint is subject to dismissal due to a lack of subject matter jurisdiction. The idea that TechMatrix's alleged breach precluded Mr. Balarama from receiving a higher salary at a job he never pursued is purely speculative and therefore not recoverable. The SAC does not allege that Mr. Balarama applied for a position at any company, that the position pays a specific salary, or that he was denied the position specifically because of his immigration status. Instead, he recites his experiences and qualifications and asks the court to assume that, had TechMatrix filed Mr. Balarama's I-140 in a timely manner, he would be making $50,000 more than he is currently earning with some other company.[28] This argument is doomed by uncertainty. The court—as well as Mr. Balarama—has no way of knowing whether Mr. Balarama could have secured a position at a "large compan[y], such as Facebook, CitiBank, [or] Tesla" at a salary of $50,000 more than what he is currently earning *but for* his immigration status.[29] Mr. Balarama has failed to allege that such opportunities were *actually available* to him and that inaction by TechMatrix prevented his hiring.

---

[26] *Trans-W. Petroleum, Inc. v. U.S. Gypsum Co.*, 379 P.3d 1200, 1207–08 (Utah 2016).

[27] *See, e.g.*, *Atkin Wright & Miles v. Mountain States Tel. & Tel. Co.*, 709 P.2d 330, 336 (Utah 1985) ("The evidence must do more than merely give rise to speculation that damages in fact occurred; it must give rise to a reasonable probability that the plaintiff suffered damage as a result of a breach.").

[28] ECF No. 34-2 at 19.

[29]*Id*. at 18.

Because fifty-thousand dollars' worth of Mr. Balarama's $88,560 damage claim cannot be recovered, he cannot meet the jurisdictional threshold to establish diversity jurisdiction.

> "[I]f, from the face of the pleadings, it is apparent, to a legal certainty that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."[30]

Here, the court is satisfied that, based on the face of the SAC and Mr. Balarama's concessions at the hearing, Mr. Balarama cannot draw a sufficient connection between TechMatrix's alleged wrongdoing and missed employment opportunities resulting in $50,000 in damages. Thus, Mr. Balarama's immigration-related claims cannot come into the calculus of the amount in controversy. Without them, Mr. Balarama cannot come near the $75,000 threshold. At the November 15, 2022 hearing, Mr. Balarama conceded that: "We've gone as far as the facts can take us . . . and, candidly, this case is on its last legs in federal court." The court agrees.

## II.   Mr. Balarama Should Not Have Another Opportunity to Amend His Complaint.

At the July 20, 2022 hearing on the Motion to Dismiss,[31] the court provided Mr. Balarama with specific reasons showing why the claims in the First Amended Complaint were insufficient to meet the required amount in controversy and gave him an opportunity to amend his complaint. Even though Mr. Balarama had already amended his complaint once before, the court gave him a second amendment opportunity. But, as shown above, that second attempted amendment is not enough to save this action from dismissal based on jurisdictional deficiencies.

---

[30] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

[31] ECF No. 33.

Granting another opportunity to amend is not going to fix what appears to be an irreparable jurisdictional defect. Therefore, the court denies Mr. Balarama's Motion for Leave to Amend.

### CONCLUSION AND ORDER

Based upon the foregoing analysis, the court denies Mr. Balarama's Motion for Leave to Amend.[32] Further, due to a lack of subject matter jurisdiction, IT IS HEREBY ORDERED that this action be DISMISSED WITHOUT PREJUDICE.[33]

IT IS SO ORDERED.

DATED this 23rd day of November 2022

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[32] ECF 34.

[33] When a case is dismissed for lack of subject matter jurisdiction, it is "without prejudice and does not have a preclusive effect." *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").